NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  SEA HAWAII RAFTING, LLC, _____ JAY LAWRENCE FRIEDHEIM, Appellant, v. DANE S. FIELD, Trustee in USBC Case 14-01520, Appellee. | No.    18-16098 D.C. No. 1:16-cv-00183-JMS-KJM MEMORANDUM and ORDER* |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted October 22, 2019**
Honolulu, Hawaii

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

Jay Lawrence Friedheim appeals from the district court's denial of his

motion for attorney's fees.  Because the district court properly found no legal basis

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

for awarding fees, we affirm.

As a general rule, prevailing parties are not entitled to attorney's fees "absent statute or enforceable contract." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). No statute supports Friedheim's request for fees, and the relevant Bankruptcy Rule does not mention attorney's fees in its enumerated list of taxable costs on appeal. Fed. R. Bankr. Proc. 8021(c). Nor does this case implicate a contractual fee-shifting provision. As a result, Friedheim may recover attorney's fees only if the Trustee acted in bad faith or pursued frivolous litigation. *See Alyeska*, 421 U.S. at 258–59 (explaining courts' "inherent power" to award attorney's fees in specific circumstances).

The Trustee's motion for sanctions was neither frivolous nor filed in bad faith. The Trustee filed the motion after the district court concluded that Friedheim had "very likely violated" the bankruptcy court's stay order by attempting to verify the amended complaint in his maritime action. The bankruptcy court agreed with the district court's assessment and granted the Trustee's motion for sanctions. Though we subsequently nullified the basis for such sanctions by holding that bankruptcy stay orders do not apply to maritime cases, *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 532–33 (9th Cir. 2018), the Trustee's motion was not unreasonable or meritless at the time it was filed.

Contrary to Friedheim's argument, *Vaughan v. Atkinson*, 369 U.S. 527

(1962), does not support his request for fees. *Vaughan* concerned a seaman's right to recover attorney's fees after his employer refused to pay maintenance and cure. *Id.* at 529–31. The question before us, by contrast, is whether Friedheim can receive reimbursement for the cost of defending himself against sanctions—not whether Friedheim's client can recover attorney's fees for his employer's failure to pay maintenance and cure.

We have considered Friedheim's remaining arguments concerning the district court's failure to apply maritime law and the constitutionality of the Bankruptcy Act, and find them to be unpersuasive.

Friedheim's Motion to Supplement Excerpts of Record on Appeal with Transcript (Dkt. No. 59) is DENIED.

**AFFIRMED.**